**UNITED STATES of America**
v.
**Aaron BERNSTEIN.**
No. 68–65–Cr.

United States District Court
S. D. Florida,
Miami Division.
June 21, 1968.

William A. Meadows, Jr., U. S. Atty., and Donald I. Bierman, Asst. U. S. Atty., Miami, Fla., for the Government.

Daniel S. Pearson, of Pearson & Josefsberg, Miami, Fla., for defendant.

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL

ATKINS, District Judge.

This is an order denying the defendant's motion for judgment of acquittal.[1]

On December 14, 1967 a revenue agent went to the defendant's home to attempt to collect $1,990.83 in back taxes. The agent had a levy for four assessments.[2] After discussion with the defendant and a refusal to pay, the agent attempted to execute the levy by seizing the defendant's two Cadillacs. The defendant physically interfered and prevented the seizure. The defendant was subsequently charged with violating 18 U.S.C. § 2232 which provides:

> Whoever, before, during, or after seizure of any property by any person authorized to make searches and seizures, in order to prevent the seizure or securing of any goods, wares, or merchandise by such person, staves, breaks, throws overboard, destroys, or removes the same shall be * * *.

The defendant's argument in support of his motion for judgment of acquittal hinges on the words of § 2232: "by any person authorized to make searches and seizure." The defendant contends that proof of the offense requires proof of the agent's "authorization," and that such proof is lacking in this case.

The government, in both its bill of particulars and during the trial, contended that the seizure was authorized by 26 U.S.C. § 6331. This statute provides in part:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax * * * by levy upon all property and rights to property * * * belonging to such person * * *.

The "notice and demand" referred to in § 6331 is that called for in 26 U.S.C. § 6303(a) which provides:

> (a) General rule.—Where it is not otherwise provided by this title, the Secretary or his delegate shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

1. This Court reserved ruling on the defendant's motion pursuant to Rule 29 (b).

2. Government's Exhibit 1.

The defendant argues [1] that there was no proof of the notice and demand required by § 6303(a); [2] thus, there could be no refusal to pay within ten days after *notice and demand* as required by § 6331; [3] since there was no refusal to pay under § 6331, there could be no authorized seizure under § 6331; [4] and finally, since there was no authorized seizure, the agent lacked the authorization required by 18 U.S.C. § 2232.

 There is no contention that the revenue agent was out on a "lark" acting with complete disregard of the statutory requirements. There were a number of assessments, levies, negotiations, and compromises during the history of defendant's troubles with the Treasury. On December 14, 1967, the revenue agent had with him a levy for four assessments which recited that notice and demand had been made for the amounts of the assessments.[3] It is clear that the agent was acting under color of law. But the defendant argues that color of law is not sufficient; instead, there must be proof of the notice and demand required by § 6331 and defined by § 6303(a). The defendant cites a number of cases to support this view.[4] But these cases deal with civil proceedings. The cited cases clearly show that the taxpayer can assert technical noncompliance with administrative detail in a civil judicial attack on the seizure. But the cases do not justify physical obstruction of revenue agents acting under color of law merely because a detail of the administrative process was not observed.

The question of whether there must be complete technical compliance or only acts under color of law in situations like this[5] was recently considered by the Third Circuit in United States v. Scolnick.[6] In *Scolnick* the defendant Brooks rescued a safety deposit box seized by revenue agents under 26 U.S.C. § 6331. The defendant was convicted of violating 26 U.S.C. § 7212(b) which provides in part:

> Any person who forcibly rescues or causes to be rescued any property after it shall have been seized under this title * * *.

The defendant argued that the government failed to establish and prove compliance with a number of administrative steps in the seizure process.[7] The court responded to this argument:[8]

> The necessary premise for defendant's assertions is that they [the administrative requirements] are relevant factors in a trial where a defendant is charged with the criminal offense of rescuing property seized by the Service under the circumstances herein stated. We think the assumption is unwarranted. Such issues are relevant in civil proceedings attacking the Government's seizure. They are not

---

3. The government also argues that there is a presumption of regularity supporting the official acts of public officers, and in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duty. The government seizes on the levy's recital of proper notice and demand as invoking this presumption. This Court does not reach this argument.

4. Mrizek v. Long, 187 F.Supp. 830 (N.D. Ill.1959); United States v. Allen, 14 F. 263 (Cir.Ct.M.D.Tenn.1882) (involving the predecessor statutes § 6303 and § 6331); United States v. Erie Forge Co., 191 F.2d 627 (3rd Cir. 1951); Jenkins v. Smith, 99 F.2d 827 (8th Cir. 1938).

5. Similar statutes are 18 U.S.C. § 111 and 26 U.S.C. § 7212.

6. 392 F.2d 320 (3rd Cir. 1968).

7. "He claims that the Government failed to establish the following: that the Service terminated defendant's taxable year as of April 14, 1965; that the tax owed by defendant for the period was $100,000; that the Service determined that payment of the tax was in jeopardy as is required to allow them immediately to lien a taxpayer's property; that a lien was placed on defendant's assets; and that a levy was placed on the safe deposit box and the property seized by bringing it into the possession of the Service." Id. at 326.

8. Id. at 326.

relevant here. To permit such issues to be raised in connection with a prosecution under these statutes would be to encourage violent self-help where civil remedies are admittedly available.

The defendant here attempts to distinguish *Scolnick* on two grounds. First, the statute in *Scolnick*, § 7212(b), unlike the statute here, § 2232, contains no reference to the authority of the person making the seizure. This argument ignores the wording of § 7212(b): "after it shall have been seized under this title." This language would require as much authorization in the seizing agent as the defendant claims the language of § 2232 requires. Despite the above language of § 7212(b), the Third Circuit refused to interject questions concerning compliance with statutory detail surrounding the seizure. The defendant's second distinction is that the procedural noncompliance asserted in *Scolnick*[9] dealt only with underlying factors supporting the seizure while the failure of notice and demand asserted here goes to the actual power of the agent to seize. There is nothing in the statutory framework surrounding § 2232 and § 7212(b) which justifies a distinction between the lack of notice and demand asserted in this case and the procedural errors asserted in *Scolnick*. In essence the defendant's argument could be rephrased: the agent's acts in *Scolnick* were more "colorable" than the agent's acts here. This Court cannot accept such a finely drawn distinction. The question is whether the agent acted under color of law—not the nature of the procedural step the agents may have failed to observe.

The policy underlying the *Scolnick* decision, like the court's reasoning, is persuasive. In a modern society beset with mounting violence, this Court cannot accept a statutory construction which justifies and encourages street-side skirmishes where a civil remedy is readily available.

 This Court holds that § 2232 requires only that the government agents in making a seizure act under color of law. Since colorable compliance is present, the defendant's motion for judgment of acquittal is denied.