**MILLER et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 5192.

Circuit Court of Appeals, Fourth Circuit.

Jan. 21, 1944.

Malcolm D. Miller, of Washington, D. C., for petitioners.

Melva M. Graney, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Helen Goodner, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SOPER and DOBIE, Circuit Judges, and WYCHE, District Judge.

WYCHE, District Judge.

Petitioners in this case seek a reversal of a decision of the Tax Court of the United States finding that there is a deficiency in their joint income tax of $7.37 for the calendar year 1940, part of which is a tax upon the amount of $94.56, withheld during 1940 from the salary of Malcolm D. Miller in accordance with the Federal Civil Service Retirement Act, 5 U.S.C.A. § 691 et seq.

The facts, undisputed, are as follows:

The taxpayers, Malcolm D. Miller, and his wife, Martha Ann, reside in Arlington, Virginia, and filed a joint income tax return for 1940, on a cash basis, with the Collector at Baltimore, Maryland. Miller has been a classified Civil Service employee since August, 1934, after passing a civil service examination. He was subject to the Civil Service Retirement Act. During 1940 he was an examiner in the Bureau of Motor Carriers of the Interstate Commerce Commission, and his basic salary for 1940 was $2,700. Under Section 10 of the Civil Service Retirement Act, 3½ per centum of his basic pay, or $94.56 was withheld from his 1940 pay, leaving $2,605.44 received. 2 T. C. 267, 268.

The question presented in this appeal, therefore, is whether amounts withheld from the basic salary of a Federal Civil Srevice employee, pursuant to the provisions of the Civil Service Retirement Act, constitute income within the meaning of Section 22(a) of the Internal Revenue Act, 26 U.S.C.A. Int.Rev.Code, § 22(a).

By Section 10 of the Civil Service Retirement Act, 5 U.S.C.A. § 719, it is provided: "Beginning as of July 1, 1926, there shall be deducted and withheld from the basic salary, pay, or compensation of each employee to whom this chapter applies a sum equal to 3½ per centum of such employee's basic salary, pay, or compensation: * * * The amounts so deducted and withheld from the basic salary, pay, or compensation of each employee shall, in accordance with such procedure as may be prescribed by the Comptroller General of the United States, be deposited in the Treasury of the United States to the credit of the 'civil-service retirement and disability fund' created by this chapter, and said fund is hereby appropriated for the payment of annuities, refunds, and allowances as provided in said chapter."

In the third paragraph of the same section, 5 U.S.C.A. 722, we find the following provisions: "Every employee coming within the provisions of this chapter shall be deemed to consent and agree to the deductions from salary, pay, or compensation as provided herein, and payment less such deductions shall be a full and complete discharge and acquittance of all claims and demands whatsoever for all regular services rendered by such employee during the period covered by such payment, except the right to the benefits to which he shall be entitled under the provisions of said chapter, * * *."

Other pertinent sections of the Act, 5 U.S.C.A. § 724, provide that the amount withheld less a charge of $1 per month, is required to be credited to the employee's individual account; the amount draws interest at the rate of 4 per centum, compounded annually, and is returnable to the employee in the form of an annuity, to commence at a specified age, or upon disability. If an employee is transferred to a position not within the purview of the Act, or who shall become absolutely separated from the service before becoming eligible for retirement or annuity, the total amount deducted for retirement, less the $1 per month, is returnable to him with interest; but if the employee should become separated involuntarily for reasons other than misconduct, the total amount, together with interest, including the $1 per month, is returnable. If the employee should die or become incompetent before becoming eligible for annuity, the total amount withheld is payable, with interest, to his estate. None of the monies mentioned in the Act is assignable either in law or equity, or subject to execution, levy or attachment, garnishment, or other legal process. An amendment in 1934 gave the employee the right to designate a beneficiary to whom should be paid upon the death of the employee or annuitant any sum remaining to his credit including any accrued annuity.

Gross income as defined by Section 22 (a) of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 22(a), includes gains, profits and income derived from salaries

or compensation for personal service of whatever kind, and in whatever form paid, and also gains and income from any source whatever.

The basic salary of Malcolm D. Miller (hereinafter called the employee) for the year 1940 was $2700. This is the amount which was fixed by law to compensate him for his services as a civil service employee for that year. Of this amount he received $2,605.44 in cash. $94.56 of his salary, under the law, by his consent, was applied toward the purchase of an annuity, provided by law for his benefit.

■ When he was employed as a civil service employee he accepted such employment subject to all the conditions and provisions of law relating to civil service employees, one of which is that he shall be deemed to consent and agree that 3½ per centum of his salary shall be deducted and be used to purchase the retirement benefits granted by the Act. That consent is as much a part of the conditions of his employment as any other provision of law relating thereto. The effect of his agreement is the same as if he had received his entire salary in cash, and then sent 3½ per centum thereof to the Civil Service Commission for the purchase of the annuity provided by law.

■ But even if it should be considered that the employee did not receive the full amount of $2700 and paid $94.56 therefrom to purchase an annuity and secure the other protection afforded by the Act, he, under any view of the transaction, as a result thereof, received additional compensation in the form of economic benefits under the Retirement Act. These benefits take the place of the part of the taxpayer's salary which was withheld, and, in any event, had an equal or greater value than the sum withheld and constitute income just as if the taxpayer had received his entire salary in cash. As aptly said by the Tax Court in its Opinion, "These aspects of the retirement plan seem to us to demonstrate that there have been purchased by the employee substantial rights, of a value which can in no event fall materially below the amount of his own contribution, which presently belong to him, and which are unequivocally provided for his ultimate benefit under whatever contingency and in whatever circumstance the occasion for that benefit should arise. They are in that respect comparable to, and for our purposes indistinguishable from, an annuity contract, of which the employer constitutes itself the issuer, seting aside reserves for that purpose and making investments thereof comparable to those which would be employed by companies engaged in that business." The decisions in cases where an employer has paid premiums on life insurance policies issued for the benefit of an employee are in point. In such cases it is held that he amount paid as premiums is presumed to be additional compensation for the employee's services, and that it constitutes income to the employee on the theory that he has received a benefit in the form of insurance protection as a substitute for the cash payment. See Yuengling v. Commissioner, 3 Cir., 69 F.2d 971; Canady v. Guitteau, 6 Cir., 86 F.2d 303; Commissioner v. Bonwit, 2 Cir., 87 F.2d 764, certiorari denied 302 U.S. 694, 58 S.Ct. 13, 82 L.Ed. 536; Adams v. Commissioner, 18 B.T.A. 381; Danforth v. Commissioner, 18 B.T.A. 1221; Deupree v. Commissioner, 1 T.C. 113, cf. Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439. And it has been held that this is true even though the employee does not have the option to take in cash the amount paid as premiums. Brodie v. Commissioner, 1 T.C. 275.

A Treasury Decision issued in 1921 decides that amounts withheld from the basic salary paid to employees in the civil service of the United States should be reported by such employees for income tax purposes.* This Treasury Decision has never been amended or revoked. During the time

---

* T.D. 3112, 4 Cum.Bull. 76 (1921), promulgated January 10, 1921, after enactment of the first Retirement Act in 1920 (Act of May 22, 1920, c. 195, 41 Stat. 614, 5 U.S.C.A. § 691 et seq.) ruled that, "The amounts deducted and withheld from the basic salary, pay, or compensation paid to employees in the civil service of the United States, in accordance with the provisions of the Act approved May 22, 1920, should be reported by such employees for income tax purposes. The total compensation of the employees should be reported in gross income and no corresponding deduction can be taken for the amounts withheld, inasmuch as such amounts are payments made toward the purchase of annuities provided for in the Act and are not allowable deductions for income tax purposes. The annuities paid to retired employees are subject to tax to the extent that the aggregate amount of the payments exceeds the amounts withheld from the compensation of the employees."

in which it has been effective, Congress has repeatedly re-enacted the statute defining gross income without change, and amendments of the Civil Service Retirement Act have left the pertinent parts of the Act substantially the same. In the case of Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 46, 83 L.Ed. 52, the Supreme Court said: "Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially re-enacted statutes, are deemed to have received congressional approval and have the effect of law."

There is no merit in the contention of the petitioners that in 1940, the employee had no vested rights under the Civil Service Retirement Act. In that year he had the right to receive an annuity upon retirement, and to receive a return of the amount withheld from his salary, with interest, upon separation from the service, or death. These rights were secured in consideration of contributions made from his salary, and at least to the extent of such contributions made, they could not be taken from him under the provisions of the Act, and we may not assume that Congress, if it could, would change the law so as to deprive him of the substantial rights acquired thereunder.

For the foregoing reasons, it must be concluded that the amount withheld from the employee's salary was in effect received as a salary, and constitutes income under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(a), and the decision of the Tax Court is accordingly affirmed.

Affirmed.