**716**

Emma Lou **JOHNSON**, Plaintiff,

v.

**W. T. COPPINGER**, District Director of Internal Revenue for Birmingham, Alabama, Defendant.

**Civ. A. No. 70-799.**

United States District Court,
N. D. Alabama, S. D.

Jan. 5, 1971.

J. Louis Wilkinson, Charles Crowder, Birmingham, Ala., for plaintiff.

Wayman G. Sherrer, U. S. Atty., E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., John R. Gauntt, Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Tax Div., F. T. Dicillo, Atty., General Litigation Section Tax Division, Washington, D. C., for defendant.

## MEMORANDUM OF DECISION AND ORDER

POINTER, District Judge.

Emma Lou Johnson brought this action to enjoin the collection of income taxes assessed against her and to require the return of her automobile, which has been seized for payment of the tax. The proscription of I.R.C. § 7421 is acknowledged by plaintiff; but she seeks to bring the case within the exception discussed in Enochs v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

■ Following defendants' motion to dismiss under Rule 12(b)(1), F.R.Civ. P., for lack of jurisdiction over the subject matter, plaintiff amended her complaint[1] in an effort to meet the

1. She also deleted as defendants the United States and the Commissioner of Internal Revenue, leaving the District Director as sole defendant. It is clear,

twin tests discussed in the *Williams* case: (1) under no circumstances can the government ultimately prevail in the assessment of the tax; and (2) the other legal remedies for contesting the tax are under the circumstances inadequate.

As amended, the bill of complaint asserts the following:

Plaintiff was arrested in May 1970 in Birmingham and charged with selling narcotics in violation of state law. The IRS terminated her 1970 tax year under the authority of I.R.C. § 6851, and made an immediate assessment against her for 1970 income taxes in the amount of $11,448.73. The IRS has applied against this assessment the $2,490.22 which the police found on the plaintiff's person; and the plaintiff's automobile has also been seized by the IRS to apply on this assessment.

Plaintiff has not worked or filed a tax return since 1961. She did not during the short tax year receive any taxable income from any source whatever; and was not during such period engaged in the business of selling illegal narcotics or, for that matter, any business or employment at all. The basis for the assessment is the unproven charge which relates to a single sale of a small quantity of narcotics.

Plaintiff does not have assets sufficient to make bond or pay the taxes, and will not be able to replace the automobile, which is her only means of transportation. Nor does she have funds to defend herself in the criminal matters pending against her.

 These allegations, if substantiated, should be sufficient to defeat the assessment when contested in a manner allowed by law; and it very well may be that such evidence can be adduced. But the inquiry directed by the *Williams*

case is not merely as to who will ultimately prevail, but rather to whether "it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim." A case which might satisfy this, the first, requirement of *Williams* would be one in which the facts are essentially agreed upon and in which the government's position as to the applicable law is obviously fallacious. It is doubtful that any case in which there are disputes as to significant facts can escape the proscription of I.R.C. § 7421. Moreover, this lack of factual dispute (or some near equivalent) should be averred in the complaint itself if that is indeed the case. Otherwise, when a complaint (as here) merely alleges facts showing (according to the taxpayer's theories of the law) no liability, the court would, in order to determine whether there is any dispute, have to make some factual determinations, the very kind of procedural interference which the statute seeks to avoid.

In any event the plaintiff has not met the second test prescribed in the *Williams* case, the inadequacy of her legal remedies. There are, or have been, remedies available to her by which she could contest this assessment, an assessment of an *income* tax. Proceedings in the Tax Court do not require payment of the tax in advance. Any unwillingness she may have to contest the deficiency, or to take those steps (such as filing a return) which could permit contesting of the deficiency, can hardly be the basis for asserting those remedies to be inadequate. The other reasons assigned as showing special equity are clearly without merit: the claim that the taxes should not be collected because she will be left without an automobile; the claim that taxes should not be collected because she will not have adequate funds to hire lawyers to defend her in her

---

however, that this recasting of parties does not avoid the jurisdictional problem. The suit is still one whose purpose is to restrain collection of a federal tax, contrary to the proscription of I.R.C. §

7421. Moreover in one aspect it is also a suit for refund without having first filed a claim therefor—and hence within the bar of I.R.C. § 7422(a).

criminal case; the claim that the taxes should not be collected because she is an elderly Negro woman; the claim (in the original bill) that the taxes should not have to be collected because the burden of proof on a refund suit would be inconsistent with her privilege against self-incrimination[2].

Having established neither, rather than both, of the requirements specified in the *Williams* case, the plaintiff has not presented a case over which this court has jurisdiction, and the complaint is due to be dismissed. It is therefore ordered that the Motion to Dismiss is hereby granted and that this action be, and the same hereby is, dismissed. Said dismissal shall be without prejudice to plaintiff's rights to contest said taxes in the manner provided by law therefor. See Bowers v. United States, 423 F.2d 1207 (5th Cir. 1970).

2. The burden of proof required to maintain the present case would be greater than that in one of the established modes for contesting an assessment.