**George J. HOGAN and Marian M. Hogan, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 38535.

United States District Court, E. D. Michigan, S. D.

Nov. 28, 1973.

Emmett E. Eagan, Jr., and James E. Tobin, Miller, Canfield, Paddock & Stone, Detroit, Mich., Patrick J. Regan, and James J. McGannon, Regan, Sargent, Klenda, McGannon, Paup & Glickman, Wichita, Kan., A. L. Zwerdling, Zwerdling, Maurer, Diggs & Papp, Detroit, Mich., Payne & Jones, Olathe, Kan., for plaintiffs.

Scott P. Crampton, Asst. Atty. Gen., for Taxation, Washington, D. C., David Patrick Mullarkey, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Ralph B. Guy, Jr., U. S. Atty., Fred M. Mester, and Robert A. Rosenberg, Asst. U. S. Attys., Detroit, Mich., for defendant.

Robert M. Tobias, Atty. for National Treasury Employees Union, Washington, D. C., Mozart G. Ratner, for National Association of Letter Carriers of the United States of America, Washington, D. C., amicus curiae.

## MEMORANDUM

THORNTON, District Judge.

Plaintiffs herein are husband and wife who bring this action to recover income taxes allegedly illegally and erroneously assessed and collected from them for the calendar year 1968. Plaintiff husband is an employee of the United States Government, a classified Civil Service employee with the Internal Revenue Service. He was so employed during the calendar year 1968 and for many years prior thereto. Plaintiffs filed Federal Income Tax Return Form 1040 for the calendar year 1968, in which they reported income for that year in the amount of $17,886.50 on which they paid a tax of $2,665.53, having subtracted allowable deductions and exemptions from said income. Plaintiffs (hereinafter referred to as plaintiff) filed a claim for refund for $255.62 based on their theory that they erroneously included in their gross income the sum of $961.03. This sum represents the amount of tax attributable to the sum of $961.03 of the $17,866.50 reported income for the 1968 calendar year as plaintiff's

mandatory contribution to the retirement program under Civil Service Retirement Act, 5 U.S.C.A. § 8331 et seq. The District Director of Internal Revenue disallowed the claim, having determined that the $961.03 was includible in plaintiff's gross income for the 1968 calendar year. It is the position of plaintiff, as set forth in the Complaint, that such determination constitutes "a taking of plaintiffs' property without due process of law in violation of plaintiffs' rights under the 5th Amendment to the Constitution of the United States." Plaintiff equates his situation to that of an employee in private business who is not required to "report as current income that income earned under a deferred compensation plan, if the plan is unfunded and if the election to defer payment of income is made prior to the time of performance of the services for which it is to be payable." He says that "such income is taxable only at the time of actual or constructive receipt by the employee." This case has been submitted on Stipulation of Facts, briefs of counsel and oral argument. The parties are in agreement that the legal issue here presented is whether that portion of the Federal employee's compensation automatically withheld (or deducted) from his pay is includible in his income for purposes of the Federal Income Tax in the year such portion is withheld and paid into the Civil Service Retirement Fund. The Government contends that the total compensation figure prior to the withholding/deduction is includible in plaintiff's current income. Plaintiff contends that the withheld/deducted portion is not income to him until he receives it actually or constructively. It should be here noted that plaintiff is not attacking the withholding/deduction, but the tax treatment of it. Pursuant to 5 U.S.C.A. § 8334(b) each employee "is deemed to consent and agree to these deductions from basic pay." Such deductions are paid into the Civil Service Retirement Fund and an equal amount "shall be contributed from the appropriation or fund used to pay the employee." 5 U.S.C.A. § 8334(a). Such matching contribution is not included in the employee's gross income for income tax purposes.

Both parties herein cite the cases of Miller v. Commissioner of Internal Revenue, 144 F.2d 287 (CA 4, 1944), and Megibow v. Commissioner of Internal Revenue, 218 F.2d 687 (CA 3, 1955). The Government relies on the holdings in these two cases as supportive of its position that plaintiff is not entitled to the refund he seeks. Plaintiff contends that the holdings are no longer controlling because of recent Internal Revenue Service rulings with respect to private contractual arrangements between employers and employees. Both parties argue in favor of their respective positions regardless of whether the retirement plan is a qualified or a non-qualified plan. Plaintiff contends that said plan is a non-qualified deferred compensation plan because the system does not satisfy the funding requirements of the Internal Revenue Code for a qualified plan. Plaintiff contends that under the precedents applicable to non-qualified deferred compensation plans automatic deductions are not currently taxable. The Government's position in this respect is that there is no deferred compensation situation here present, that plaintiff's total salary is present compensation, a portion of which he pays into the Civil Service Retirement Fund by deduction from such compensation. Plaintiff takes the position that even if the plan be considerd to be a qualified one the automatic deductions are in effect employer rather than employee contributions. He likens such contributions to bonuses paid by an employer into a qualified plan, or to an employee election to have his salary reduced by the payment of the reduction to the qualified plan or by election of the reduction to a "section 403(b) annuity contract" in all of which situations the payments are considered to be employer contributions. The Government distinguishes all of these situations from that of plaintiff and relies on the determinations in the

*Miller* and *Megibow* cases, *supra*, as well as that in United States v. Bayse, 410 U.S. 441, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1973). In Miller v. Commissioner of Internal Revenue, 144 F.2d 287, 289 (CA 4, 1944) the Court stated as follows:

But even if it should be considered that the employee did not receive the full amount of $2700 and paid $94.56 therefrom to purchase an annuity and secure the other protection afforded by the Act, he, under any view of the transaction, as a result thereof, received additional compensation in the form of economic benefits under the Retirement Act. These benefits take the place of the part of the taxpayer's salary which was withheld, and, in any event, had an equal or greater value than the sum withheld and constitute income just as if the taxpayer had received his entire salary in cash. As aptly said by the Tax Court in its Opinion, "These aspects of the retirement plan seem to us to demonstrate that there have been purchased by the employee substantial rights, of a value which can in no event fall materially below the amount of his own contribution, which presently belong to him, and which are unequivocally provided for his ultimate benefit under whatever contingency and in whatever circumstance the occasion for that benefit should arise. They are in that respect comparable to, and for our purposes indistinguishable from, an annuity contract, of which the employer constitutes itself the issuer, setting aside reserves for that purpose and making investments thereof comparable to those which would be employed by companies engaged in that business." The decisions in cases where an employer has paid premiums on life insurance policies issued for the benefit of an employee are in point.

In such cases it is held that the amount paid as premiums is presumed to be additional compensation for the employee's services, and that it constitutes income to the employee on the theory that he has received a benefit in the form of insurance protection as a substitute for the cash payment.

In treating the same issue the Court in Megibow v. Commissioner of Internal Revenue, 218 F.2d 687 (CA 3, 1955) said the following, at pages 691–692:

The $375.28 was a part of the taxpayer's fixed salary for 1949, but this amount was deducted because when the taxpayer was employed by the Internal Revenue Service he was deemed by law to have consented and agreed to the withholding of it as his contribution to the Civil Service Fund. Since the taxpayer consented to the deductions, they cannot be considered the employer's contributions. The identical question was well considered in Miller v. Commissioner of Internal Revenue, 4 Cir., 1944, 144 F.2d 287, where such contributions were found to be taxable to the employee.

The taxpayers refer us to the case of MacLeod v. Fernandez, 1 Cir., 1938, 101 F.2d 20, certiorari denied, sub nom. Toste v. Macleod, 1939, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471, to support their contention that they had no vested rights in the Civil Service Fund as a result of the deductions and therefore the money contributed to the fund was not their contribution. It does not follow that because an employee has no vested rights in the fund he could not have made contributions to the fund, but we meet the taxpayers' contention as a similar contention was met in the Miller case in which the court said:

"There is no merit in the contention of the petitioners that * * * the employee had no vested rights under the Civil Service Retirement Act [5 U.S.C.A. § 691 et seq.] * * * [H]e had the right to receive an annuity upon retirement, and to receive a return of the amount withheld from his salary, with interest, upon separation from

the service, or death. These rights were secured in consideration of contributions made from his salary, and at least to the extent of such contributions made, they could not be taken from him under the provisions of the Act, and we may not assume that Congress, if it could, would change the law so as to deprive him of the substantial rights acquired thereunder." 144 F.2d at page 290.

We conclude that the $375.28 was part of the taxpayer's salary in 1949 and was properly included in his gross income.

In United States v. Bayse, 410 U.S. 441, 447, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1973) the Supreme Court referred to "two familiar principles of income taxation, first, that income is taxed to the party who earns it and that liability may not be avoided through an anticipatory assignment of that income * * *."

In light of the existing statutory provisions providing for *employee* contributions to the Civil Service Retirement Fund and for matching government contributions, and in reliance on the cases hereinbefore cited, the Court concludes that the deductions from plaintiff's paycheck which are paid into said Fund are includible in his compensation for Federal Income Tax purposes for the year they are deducted. If such deductions are to be treated or considered as employer contributions it is for the Congress, not the courts, to so legislate. The claim of due process denial is without merit.

A copy of the Stipulation of Facts entered into by the parties is attached hereto.* The Exhibits underlying said Stipulation are part of the court file in this matter and are therefore available for inspection.

An order may be presented in accordance with this memorandum.

---

* Omitted for purposes of publication.