WILLIAM JONES, PETITIONER v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 8081–73.  Filed April 1, 1974.

*Dennis Sherman*, for the petitioner.
*Paul G. Topolka* and *Thomas Bulleit*, for the respondent.

### OPINION

DAWSON, *Judge:* On March 29, 1973, the petitioner's taxable period was terminated by action of the district director of internal revenue pursuant to section 6851.[1] Respondent has not sent a statutory notice of deficiency to the petitioner. On November 9, 1973, the petitioner filed a petition seeking relief. On December 21, 1973, respondent moved to dismiss the case for lack of jurisdiction.

Respondent points out that the statutory notice of deficiency authorized by section 6212 and required by section 6213(a) has not been sent to the petitioner; and that there is no requirement under the provisions of section 6851 for the respondent to send a notice of deficiency to petitioner for the terminated taxable period. Without such statutory notice, respondent contends that this Court lacks jurisdiction.

The petitioner recognizes the absence of the statutory notice but argues that the respondent is under a nondiscretionary duty to issue a notice of deficiency. He contends that to dismiss this action because of the respondent's "nonfeasance" would do violence to the legislative intent made manifest by the very creation and establishment of this Court. Petitioner requests this Court to either order the issuance of a notice of deficiency or to proceed to trial as if the notice of deficiency had been sent.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

1

Section 7442 of the Code provides:

The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3 and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10–87), or by laws enacted subsequent to February 26, 1926.

A case is commenced in this Court by filing a petition seeking a redetermination of the deficiency set forth in the statutory notice of deficiency sent to a taxpayer by the Commissioner of Internal Revenue. See Rules 13 and 20, Tax Court Rules of Practice and Procedure.

The statutory notice of deficiency has been called a "ticket to the Tax Court" in *Corbett* v. *Frank*, 293 F. 2d 501 (C.A. 9, 1961). Such a description aptly conveys the importance of such a notice. It is also important to the petitioner because once he files a petition with this Court jurisdiction is retained even if the respondent attempts to withdraw the notice. *Daniel E. Hannan*, 52 T.C. 787 (1969).

The action taken by the respondent in this case to terminate the taxpayer's taxable period and assess the income taxes has become more widespread recently. Judicial reaction has varied.

Faced with the terminated taxable period, the assessment, and the demand for payment, taxpayers have insisted that they be given a notice of deficiency so that they may litigate the correctness of the deficiency in this Court prior to payment. Some taxpayers have filed suits in United States District Courts to compel the issuance of a notice of deficiency.

The fountainhead case in the area is *Schreck* v. *United States*, 301 F. Supp. 1265 (D. Md. 1969), reaffirmed on reconsideration        F. Supp.        (D. Md. 1973), where the defendant was enjoined from collecting an asserted tax unless the taxpayer was given a notice of deficiency. Such a notice and the timely filing of a petition in this Court would be sufficient to preclude assessment during the pendency of such a proceeding. In the jeopardy situation under section 6861 collection of the deficiency may proceed unless the taxpayer furnishes a bond to stay collection. Sec. 6863.

Drawing on the discussion and reasoning of the District Court in *Schreck*, other courts have granted similar relief. See *Clark* v. *Campbell*, 341 F. Supp. 171 (N.D. Tex. 1972); *Lisner* v. *McCanless*, 356 F. Supp. 398 (D. Ariz. 1973); *Williams* v. *United States*, 373 F. Supp. 71 (D. Nev. 1973); *Woods* v. *McKeever*,        F. Supp.        (D. Ariz. 1973); *Rambo* v. *United States*, 353 F. Supp. 1021 (W.D. Ky. 1972), affd. 492 F. 2d 1060 (C.A. 6, 1974); *Elizabeth Jane Hall* v. *United States*, 493 F. 2d 1211 (C.A. 6, 1974), affirming per curiam an unreported District Court opinion.

Other courts have disagreed. See *Willits* v. *Richardson*, 362 F. Supp. 456 (S.D. Fla. 1973) ; *Laing* v. *United States*, 364 F. Supp. 469 (D. Vt. 1973) ; *Johnson* v. *Coppinger*, 320 F. Supp. 716 (N.D. Ala. 1971); *Cohen* v. *United States*, 297 F. 2d 760 (C.A. 9, 1962) ; *Parrish* v. *Daly*, 350 F. Supp. 735 (S.D. Ind. 1972) ; *Hogan* v. *United States*, 367 F. Supp. 1022 (E.D. Mich. 1973) ; *Millington* v. *Conley, Jr.*, 367 F. Supp. 1022 (D. Conn. 1973) ; *Johnston* v. *Schmidt*, F. Supp. (S.D. Cal. 1974) ; *Williamson* v. *United States*, an unreported case ( (C.A. 7, 1971), 31 A.F.T.R. 2d 73–800, 69–2 U.S.T.C. par. 9681) ; *Irving* v. *Gray*, 344 F. Supp. 567 (S.D. N.Y. 1972), affd. 479 F. 2d 20 (C.A. 2, 1973).

In *Ludwig Littauer & Co.*, 37 B.T.A. 840 (1938), the Commissioner terminated the taxable period of the taxpayer as of August 21 and declared the income taxes immediately due and payable. The Commissioner assessed a "total deficiency" in excess of $90,000. Treating the notice of termination as a notice of deficiency the taxpayer filed a petition with the Board of Tax Appeals.[2] The Board determined that no notice of deficiency had been sent to the taxpayer, and therefore dismissed the petition for lack of jurisdiction. See also *Puritan Church-The Church of America*, 10 T.C.M. 485, 494 (1951), affirmed per curiam 209 F. 2d 306 (C.A. D.C. 1953).

A similar result was reached in *Charles Patrick Riley*, T.C. Memo. 1973–180, and *Louis Vincent Musso, Sr.*, T.C. Memo. 1973–181 (appeal pending, C.A. 5, Nov. 8, 1973). Both of these cases involved the termination of a taxable period under the authority of section 6851 with the subsequent attempt to secure a redetermination of the "deficiency." The Commissioner moved to dismiss for lack of jurisdiction. The Court concluded in both cases "that a notice to a taxpayer of termination of his taxable year issued under section 6851 is not a notice of deficiency within the meaning of section 6212 and therefore we have no jurisdiction over this case."

Obviously the issue involved herein presents difficult problems of balancing interests and objectives.[3] The Courts of Appeals and the District Courts have viewed section 6851 differently. A clear conflict has developed between the Sixth Circuit in *Rambo* v. *United States*, *supra*, on the one hand and the Seventh Circuit in *Williamson* v. *United States*, *supra*, and the Second Circuit in *Irving* v. *Gray*, *supra*, on the other. Clarification of the role of section 6851 is needed. Perhaps the Supreme Court of the United States will resolve the conflict.

---

[2] For a similar argument see *Thomas A. DaBoul*, docket No. 287–69, order dismissing petition for lack of jurisdiction June 19, 1969, affirmed per curiam 429 F. 2d 38 (C.A. 9, 1970).

[3] See Silver, "Terminating the Taxpayer's Taxable Year : How IRS Uses It Against Narcotics Suspects," 40 J. Taxation 110 (1974).

But regardless of the conflict among the various circuit courts and District Courts as to whether a notice of deficiency should or should not be issued upon the termination of a taxable period under section 6851, the fact remains that no notice of deficiency has been sent to the petitioner herein. Consequently, since our jurisdiction depends upon the issuance of such a notice and the Commissioner has not sent one, we are compelled to grant respondent's motion to dismiss this case for lack of jurisdiction.

*An appropriate order will be entered.*