PETER M. WHITE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 11813-84.
United States Tax Court
T.C. Memo 1985-238; 1985 Tax Ct. Memo LEXIS 396; 49 T.C.M. (CCH) 1511; T.C.M. (RIA) 85238; May 16, 1985. *396 A determination of tax was made and assessed for the taxable year January 1, 1984, through January 22, 1984, under the provisions of sections 6851 and 6867 where unidentified cash in the amount of $39,180 was found in the possession of petitioner. Petitioner filed a petition for a redetermination of the tax assessed based on a notice of termination assessment of income tax mailed to petitioner in his capacity as possessor of certain cash. Respondent filed a motion to dismiss for lack of jurisdiction on the ground that a statutory notice of deficiency was not mailed to petitioner under section 6212, I.R.C. 1954. Held: The termination of assessment of income tax under section 6851 is not a statutory notice of deficiency within the meaning of section 6212 and this Court does not have jurisdiction. Joseph G. Spinale, Jr., for the petitioner. Chris Ray, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Marvin F. Peterson for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for lack of jurisdiction filed on June 18, 1984. [1] After a review of the record, we agree with and adopt his opinion *397 which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed on June 18, 1984. In his motion respondent contends that this Court does not have jurisdiction on the ground that a statutory notice of deficiency was not issued to petitioner pursuant to section 6212. On January 22, 1984, petitioner was traveling from Boston, Massachusetts to Fort Lauderdale, Florida. Prior to his departure at Logan International Airport in Boston, petitioner was detained by state police officers for the purpose of searching his luggage. When petitioner's carry-on luggage was examined, the police officers discovered $39,180 in United States currency which they seized. After the currency was seized by the police the Internal Revenue Service was notified of such action by the police. On January 30, 1984, a notice of termination assessment of income tax (termination assessment) was mailed to petitioner *398 in his capacity as possessor of certain cash under the provisions of sections 6851 and 6867. On February 3, 1984, the Internal Revenue Service collected $19,590 from the cash held by the state police. The termination assessment notified petitioner that under the provisions of section 6867(b) [2] *399 tax in the amount of $19,590 was due for the taxable year January 1, 1984, through January 22, 1984 and payable immediately from the cash found in petitioner's physical possession on January 22, 1984. In addition, petitioner was informed the termination assessment was sent to him as required under the provisions of sections 6851(a) [3] *400 *401 6867(b)(3) [4] and 7429(a)(1) [5] and was sent to petitioner solely in his capacity as possessor of certain cash on January 22, 1984, in the amount of $39,180. Further, petitioner was notified that the termination assessment was independent of and had no effect upon his personal tax liability for the calendar year 1984. Finally, petitioner was informed that he was not entitled to request administrative and judicial review of the termination assessment under section 7429. On April 30, 1984, petitioner filed a petition in this Court seeking "* * * a redetermination of the deficiency set forth by the Commissioner of Internal Revenue *402 in his notice of termination of assessment of income tax * * *." Petitioner alleged that the cash was a gift to him from his stepfather and was not income. Petitioner resided at Route 44, East Putnam, Putnam, Connecticut 06230 when he filed his petition in this case. Respondent has not filed an answer. Petitioner does not dispute respondent's argument that this Court has jurisdiction only where a statutory notice of deficiency has been issued to a taxpayer under section 6212 and admits that he did not receive a statutory notice of deficiency. However, petitioner argues that under the circumstances of this case the termination assessment should be treated as a statutory notice of deficiency. Petitioner contends that before the Internal Revenue Service can collect a termination assessment a taxpayer is entitled to an expedited review under section 7429 [6] *404 which sets forth the administrative and judicial review procedures for jeopardy and termination assessments. Petitioner maintains that since he did not have the benefit of administrative and judicial reviews under section 7429, the termination assessment should be treated as a statutory notice of deficiency pursuant to the decision *403 of the Supreme Court in Laing v. United States,423 U.S. 161 (1976). In the instant case the district director computed the *405 income tax under section 6867(a) and (b) and made an assessment of such tax under section 6851(a). The question we must resolve is whether, under the above circumstances, the termination assessment should be treated as a statutory notice of deficiency. Where a determination of tax is made and assessed under section 6851(a), as in the present case, the district director must immediately authorize a termination assessment of the income tax for the current or preceding taxable year if the district director determines that the taxpayer designs to do any act which would tend to render proceedings to collect the income tax for such year or years wholly or partially ineffective unless brought without delay. Section 1.6851-1(a), Income Tax Regs. Here, the district director determined the termination assessment should be made because of the large amount of cash that was found in petitioner's physical possession for which petitioner did not claim ownership or identify the owner of such cash. [7]
Prior to its amendment by the Tax Reform Act of 1976, [8] the Supreme Court held in Laing v. United States,supra, *406 that where the Internal Revenue Service terminates a tax year under the termination provisions of section 6851(a)(1), the tax year comes to an end and the tax due and unreported at the time of such termination is a deficiency as defined in section 6211(a) whose assessment and collection are subject to the procedures of section 6861 et seq. Section 6861(a) and (b) provided that if the Secretary believed that assessment or collection of a deficiency would be jeopardized by delay the district director should immediately assess the deficiency and mail the taxpayer a notice of deficiency within 60 days after a jeopardy assessment has been made. The Supreme Court held that when a termination assessment is made under section 6851(a), tax due, but unreported, is a deficiency and the procedures of section 6861 et seq., (which include the issuance of a notice of deficiency) must be followed. The Court recognized implicitly, as does petitioner here, that a notice of termination assessment was not a notice of deficiency. See also Jones v. Commissioner,62 T.C. 1 (1974); Musso v. Commissioner,531 F.2d 772 (5th Cir. 1976), affg. T.C. Memo. 1973-181; Riley v. Commissioner,T.C. Memo. 1973-180. *407 Where a notice of deficiency is not issued, the assessment is invalid and a taxpayer is entitled to injunctive relief. Laing v. United States,supra at 184-185. The holding in Laing v. United States,supra, is not applicable to the termination assessment herein. Section 6851 was amended by the Tax Reform Act of 1976 and was made effective for collection actively taking place after February 28, 1977. In the instant case the cash was collected on February 3, 1984. Section 6851(a) was also amended after the decision in Laing v. United States,supra, to specifically provide that a termination assessment does not end the taxable year for any purpose other than the computation of the amount of tax to be assessed and collected. [9] It also provided independently that the Secretary should immediately make a determination and assessment of tax and notice of such determination *408 and assessment must be given to the taxpayer. Section 6851(b) was amended to provide that where a termination assessment of tax is made under section 6851(a), a notice of deficiency must be issued under section 6212(a) for the taxpayer's full taxable year with respect to which such assessment is made within 60 days after the later of the due date of the taxpayer's return for such taxable year, including any extensions of time to file, or the date the taxpayer files such return. Accordingly, the statute, as amended, provides a procedure for the taxpayer to contest the ultimate issue of his tax liability in this Court in the same manner as provided with respect to a taxpayer who has been subjected to a jeopardy assessment under section 6861. Based on the above, we agree with respondent that the termination assessment mailed to petitioner under the provisions of section 6851 and 6867 on January 30, 1984, is not a statutory notice of deficiency. Petitioner also contends that respondent failed to follow procedures for administrative and judicial review of jeopardy and termination assessments under section 7429(a) and (b). However, petitioner *409 fails to show how this fact has any bearing on this Court's jurisdiction. A reading of the regulations clearly shows that such review process is limited to an administrative review by the Internal Revenue Service and a judicial review by a Federal district court. Section 301.7429-2 and 3, Procedural and Administrative Regs. In any event, while a failure to follow such procedures might provide a foundation for enjoining the collection of the tax, it cannot convert this notice of termination assessment into a notice of deficiency that would permit this Court to take jurisdiction. Musso v. Commissioner,supra;Jones v. Commissioner,supra.The statutes here involved, i.e., sections 6851, 6861 and 7429, all mandate the issuance of a notice of deficiency after a notice of termination assessment has been mailed and the administrative procedures provided therein have been engaged in. These provisions would be redundant if the notice of termination assessment is considered to be a notice of deficiency. Musso v. Commissioner,supra at 774. For the above stated reasons, we agree with respondent that we do not have jurisdiction of this case since a statutory notice of deficiency was not *410 issued to petitioner under section 6212. Corbett v. Frank,293 F.2d 501, 503 (9th Cir. 1961). An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. This case was assigned pursuant to section 7456(c) and (d), and Delegation Order No. 8 (81 T.C. XXV) July 1983.↩
2. Section 6867(a) and (b) provides: (a) GENERAL RULE.--If the individual who is in physical possession of cash in excess of $10,000 does not claim such cash-- (1) as his, or (2) as belonging to another person whose identity the Secretary can readily ascertain and who acknowledges ownership of such cash, then, for purposes of sections 6851 and 6861, it shall be presumed that such cash represents gross income of a single individual for the taxable year in which the possession occurs, and that the collection of tax will be jeopardized by delay. (b) RULES FOR ASSESSING.--In the case of any assessment resulting from the application of subsection (a)-- (1) the entire amount of the cash shall be treated as taxable income for the taxable year in which the possession occurs, (2) such income shall be treated as taxable at a 50-percent rate, and (3) except as provided in subsection (c), [which has no bearing herein] the possessor of the cash shall be treated (solely with respect to such cash) as the taxpayer for purposes of chapters 63 and 64 and section 7429(a)(1). ↩
3. Section 6851(a) provides: (a) AUTHORITY FOR MAKING.-- (1) IN GENERAL.--If the Secretary finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act (including in the case of a corporation distributing all or a part of its assets in liquidation or otherwise) tending to prejudice or to render wholly or partially ineffectual proceedings to collect the income tax for the current or the immediately preceding taxable year unless such proceeding be brought without delay, the Secretary shall immediately make a determination of tax for the current taxable year or for the preceding taxable year, or both, as the case may be, and notwithstanding any other provision of law, such tax shall become immediately due and payable. The Secretary shall immediately assess the amount of the tax so determined (together with all interest, additional amounts, and additions to the tax provided by law) for the current taxable year or such preceding taxable year, or both, as the case may be, and shall cause notice of such determination and assessment to be given the taxpayer, together with a demand for immediate payment of such tax. (2) COMPUTATION OF TAX.--In the case of a current taxable year, the Secretary shall determine the tax for the period beginning on the first day of such current taxable year and ending on the date of the determination under paragraph (1) as though such period were a taxable year of the taxpayer, and shall take into account any prior determination made under this subsection with respect to such current taxable year. (3) TREATMENT OF AMOUNTS COLLECTED. .--Any amounts collected as a result of any assessments under this subsection shall, to the extent thereof, be treated as a payment of tax for such taxable year. (4) THIS SECTION INAPPLICABLE WHERE SECTION 6861 APPLIES.--This section shall not authorize any assessment of tax for the preceding taxable year which is made after the due date of the taxpayer's return for such taxable year (determined with regard to any extensions). ↩
4. See n. 2, supra.↩
5. Section 7429(a)(1) provides: (a) ADMINISTRATIVE REVIEW.-- (1) INFORMATION TO TAXPAYER.--Within 5 days after the day on which an assessment is made under section 6851(a), 6861(a), or 6862, the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relies in making such assessment.↩
6. Section 7429(a)(2), (3) and (b) provides: * * * (2) REQUEST FOR REVIEW.--Within 30 days after the day on which the taxpayer is furnished the written statement described in paragraph (1), [n. 5, supra] or within 30 days after the last of the period within which such statement is required to be furnished, the taxpayer may request the Secretary to review the action taken. (3) REDETERMINATION BY SECRETARY.--After a request for review is made under paragraph (2), the Secretary shall determine whether or not-- (A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and (B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862 is appropriate under the circumstances. (b) JUDICIAL REVIEW. (1) ACTIONS PERMITTED.--Within 30 days after the earlier of-- (A) the day the Secretary notifies the taxpayer of his determination described in subsection (a)(3), or (B) the 16th day after the request described in subsection (a)(2) was made, the taxpayer may bring a civil action against the United States in a district court of the United States for a determination under this subsection. (2) DETERMINATION BY DISTRICT COURT.--Within 20 days after an action is commenced under paragraph (1), the district court shall determine whether or not-- (A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and (B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances. If the court determines that proper service was not made on the United States within 5 days after the date of the commencement of the action, the running of the 20-day period set forth in the preceding sentence shall not begin before the day on which proper service was made on the United States. (3) ORDER OF DISTRICT COURT.--If the court determines that the making of such assessment is unreasonable or that the amount assessed or demanded is inappropriate, the court may order the Secretary to abate such assessment, to redetermine (in whole or in part) the amount assessed or demanded, or to take such other action as the court finds appropriate.↩
7. Provision for this is made in section 6867, but here petitioner appears to have subsequently claimed ownership.↩
8. Section 1204(b)(1), Pub. Law 94-455 amended section 6851 with respect to action taken where the notice and demand for payment takes place after February 28, 1977. (The effective date was originally December 31, 1976, pursuant to section 1204(d), Pub. Law 94-455, but was later amended by section 2(a) Pub. Law 94-528).↩
9. S. Rept. No. 94-938, 1976-3 C.B. (Vol. 3), 405.↩