TONY GRUBAUGH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grubaugh v. Commissioner
Docket No. 1707-85.
United States Tax Court
T.C. Memo 1986-28; 1986 Tax Ct. Memo LEXIS 584; 51 T.C.M. (CCH) 324; T.C.M. (RIA) 86028; January 22, 1986. *584 P attempts to place tax years 1979-1984 at dispute in this Court. Tax years 1979 and 1980 were closed out by Order of Dismissal and Decision entered on August 24, 1983 from which no appeal was taken. No notice of deficiency was issued to P for tax years 1982-1984. Sec. 6212, I.R.C. 1954. Petition for tax year 1981 not timely filed. Secs. 6213 and 7502, I.R.C. 1954. Held, R's Motion to Dismiss for Lack of Jurisdiction is granted. Tony Grubaugh, pro se. Jeffrey A. Hatfield and Will E. McLeod, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Petitioner's Motion - To Dismiss With Prejudice - By Defendant - Harrassment, respondent's Motion to Dismiss for Lack of Jurisdiction and petitioner's Motion to Dismiss Failure by Respondent to Answer Motion to Dismiss in Thirty Days were assigned to Special Trial Judge Francis J. Cantrel for consideration and ruling thereon. After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on the following motions: (1) Petitioner's Motion - To Dismiss With Prejudice - By Defendant - Harrassment filed on September *585 30, 1985; (2) Petitioner's Motion to Dismiss Failure by Respondent to Answer Motion to Dismiss in Thirty Days filed on November 29, 1985; and (3) Respondent's Motion to Dismiss for Lack of Jurisdiction filed on December 2, 1985. [1]
Despite the indiscriminate filing of non-meritorious papers in this proceeding by petitioner we have, at a considerable waste of precious judicial time given this record careful consideration. Since we conclude that we lack jurisdiction we have no authority to entertain petitioner's motions. On January 22, 1985 the petition herein was filed which had attached thereto some 33 pages, most of which contain wholly irrelevant materials. As we view the petition as a whole, it appears to be attempting to place the taxable years 1979 through 1984 before this Court. Petitioner is no stranger to this Court. He has been here before in the case designated docket number 19843-82. There, on May 4, 1982, respondent issued a notice of deficiency to petitioner wherein he determined Federal income tax deficiencies and additions *586 to the tax to be due from petitioner for the taxable years 1979 and 1980. A timely mailed and, thus, timely filed petition was filed in that case. [2] See section 7502. [3] *587 The case was called for trial at Los Angeles, California on July 11, 1983 and recalled on July 14, 1983. Petitioner exhorted that he was entitled to deductions that were not allowed by respondent. He promised to provide respondent with information respecting those deductions. This Court granted petitioner additional time to provide the information but petitioner was clearly and emphatically admonished that if he did not do so the case would be dismissed for failure properly to prosecute. When petitioner did nothing the Court entered an Order of Dismissal and Decision on August 24, 1983. [4] No appeal was taken from that decision and it has become final for all purposes. See sections 7481(a)(1) and 7483. In his motion respondent contends that petitioner has not shown that a notice of deficiency was issued to him for the taxable years 1982 through 1984.[5] At the hearing at Washington, D.C. on December 4, 1985 respondent argued that (based on his records) no notice of deficiency was issued to petitioner for those years. Generally, Tax Court jurisdiction exists only if there has been issued a valid statutory notice of deficiency and a timely petition filed therefrom. Sections 6212 and 6213; Rules 13 and 20. [6] A valid petition may not be filed in the Tax Court without the issuance of a valid statutory notice of deficiency, sometimes referred to as a "ticket to the Tax Court." Midland Mortgage Co. v. Commissioner,73 T.C. 902 (1980); Baron v. Commissioner,71 T.C. 1028, 1034 (1979); Jones v. Commissioner,62 T.C. 1, 2 (1974); Corbett v. Frank,293 F.2d 501 (9th Cir. 1961). [7] Petitioner, in his reply to respondent's answer filed on May *588 13, 1985, affirmatively alleges, in part, as follows--"* * * All other years [i.e., all years other than 1981], as admitted by the I.R.S. in their (sic) answer are not at issue, with which I agree." Thus, it is crystal clear that no notice of deficiency was issued to petitioner for the taxable years 1982 through 1984 and we so find. This brings us to the taxable year 1981.Section 6212 provides that if the Secretary determines that there is a deficiency in respect to any tax he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail. Notice of a deficiency in respect of a tax, if mailed to a taxpayer at his last known address, shall be sufficient. The record is clear that respondent by certified mail (402843) on September 1, 1983 issued a notice of deficiency to petitioner at his last known address pursuant to section 6212. Therein, respondent determined a deficiency in petitioner's Federal income tax and additions to the tax for the taxable calendar year 1981 *589 in the following respective amounts: Additions to Tax, I.R.C. 1954
Yr.
Income Tax
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
1981
$6,484.00
$1,621.00
$324.20
50% of the
$497.19
interest due
on $6,484.00
Section 6213(a), which permits the filing of petitions with this Court, provides in pertinent part-- Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The 90th day after the mailing of the notice of deficiency was Wednesday, November 30, 1983, which was not a legal holiday in the District of Columbia. The petition was filed on January 22, 1985 and the envelope in which the petition was received by the Court bears a clearly legible U.S. Postal Service postmeter stamp date of January 18, 1985, both of which dates are far beyond the 90-day period prescribed for the filing of a petition with this Court. The period for filing a petition with this Court is jurisdictional and cannot be extended. Here, the petition for redetermination of the 1981 deficiency must *590 be filed within 90 days after the notice of deficiency is mailed to petitioner. Section 6213. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. Blank v. Commissioner,76 T.C. 400, 403 (1981); Estate of Rosenberg v. Commissioner,73 T.C. 1014, 1016-1017 (1980); Estate of Cerrito v. Commissioner,73 T.C. 896, 898 (1980); Stone v. Commissioner,73 T.C. 617, 618 (1980); Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). Hence, under this statute, in order to be timely filed, the petition must be received at Court in Washington, D.C. on or before the 90th day. Here, it is clear that the petition was not so received. However, section 7502(a) provides that if the envelope or wrapper containing the petition bears a U.S. postmark date which is on or before the last day for filing, that postmark date will be deemed the filing date. Here, the U.S. Postal Service postmeter stamp date is January 18, 1985, a date long beyond the 90-day filing period prescribed by law. Jurisdiction is a matter that must be determined by the Court at any time a question arises with respect thereto, either on a motion by a party or on the Court's *591 own motion. Brannon's of Shawnee, Inc. v. Commissioner,69 T.C. 999, 1004, and 71 T.C. 108, 111-112 (1978); National Committee to Secure Justice, Etc. v. Commissioner,27 T.C. 837, 839 (1957). Thus petitioner's argument that respondent's motion to dismiss was filed late is inapposite. We conclude that this Court does not have jurisdiction for the years 1979 and 1980 because those years were previously disposed of by order of this Court; that this Court does not have jurisdiction for the year 1981 because a timely petition was not filed; and that this Court does not have jurisdiction for the years 1982 through 1984 because notices of deficiency were not issued for those years. Therefore, on this record, respondent's motion will be granted. An appropriate Order of Dismissal for Lack of Jurisdiction will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(d)(4), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8, 81 T.C. XXV (1983).
2. We note that the address therein that petitioner was using for mailing purposes was that of the tax service he employs. In our opinion, based on this record and that pertaining to the case designated docket number 19843-82, it appears that petitioner may be relying on misinformed tax advice. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended. 4. Indeed, petitioner attached a portion of that Order of Dismissal and Decision to the petition he filed herein.↩
5. Respondent served a copy of his motion with attachments on petitioner on November 26, 1985.↩
6. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
7. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Ninth Circuit.↩