EUGENE G. FEISTMAN and LORRAINE B. FEISTMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Feistman v. Commissioner
Docket Nos. 6647-74, 9340-75.
United States Tax Court
T.C. Memo 1976-240; 1976 Tax Ct. Memo LEXIS 162; 35 T.C.M. (CCH) 1045; T.C.M. (RIA) 760240; August 4, 1976, Filed *162 1. Petitioners are not entitled to exclude from gross income compulsory employee contributions to the California County Employees Retirement Fund and to the State Teacher's Retirement System which were withheld from their salaries. 2. Deduction for "tips" paid in connection with personal meals purchased by petitioners denied. 3. Bad debt deduction for amount paid by petitioners to a finance company on daughter's obligation denied. Eugene G. Feistman, pro se. James J. Posedel, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: In these consolidated cases respondent determined deficiencies in petitioners' income taxes in the amount of $746.16 for 1972 and $1,275 for 1973. [1] Due to concessions of the parties the only issues remaining for decision are: (1) Whether petitioners, who were employees of the County and City of Los Angeles and who were cash basis taxpayers, must include in their gross income amounts withheld from their salaries as compulsory contributions to their respective retirement systems; (2) whether petitioners may deduct tips given in restaurants when purchasing meals; and (3) whether petitioners are entitled to a deduction for *163 a bad debt in 1972 for an amount paid to a finance company on an obligation of their daughter. FINDINGS OF FACT The stipulated facts are found accordingly and are included herein by reference. Petitioners are husband and wife who resided in Sepulveda, Calif., at the time their petitions herein were filed. Petitioners filed joint income tax returns for the years 1972 and 1973 with the appropriate office of the internal revenue service, using the cash method of accounting. During the taxable years involved, Eugene G. Feistman was employed as a deputy probation officer by the County of Los Angeles, Calif., and was a member of the Los Angeles County Employees Association (LACERA) and was covered by the California County Employees Retirement Law of 1937. Lorraine B. Feistman was employed as a teacher by the Los Angeles City School District, and was covered by the State Teachers' Retirement System. Both petitioners, *164 as a condition of their employment, were required to participate in the retirement system of their respective employers. As a result certain amounts were withheld each year from their gross wages as employee contributions to their respective retirement funds. The amounts of the gross wages and retirement contributions for each petitioner in each of the taxable years at issue is shown in the following table: Gross
Retirement
Year
Wages
Contributions
E. Feistman
1972
$15,925.00
$1,051.05
1973
16,578.00
1,091.69
L. Feistman
1972
11,067.50
851.81
1973
12,503.19
999.36
The retirement plans of both petitioners were compulsory, nonforfeitable plans in that each petitioner was required to contribute to the retirement plan from his gross wages and each petitioner was entitled to a refund of his or her contribution upon termination for reasons other than death or retirement from employment. These contributions were withheld from petitioners' salaries, were paid into the respective retirement funds, and were credited to petitioners' accounts in the retirement system. On their 1972 and 1973 joint income tax returns, petitioners excluded the amounts of their retirement contributions in computing their gross income *165 from wages. In the notices of deficiency respondent included those amounts in income. During 1972 petitioners paid the sum of $144.60 for "Restaurant/Dining Tips." Petitioners paid these tips in connection with personal dining occasions which were in no way related to petitioners' businesses. Petitioners claimed a deduction for these tips on their 1972 return, which respondent disallowed. In 1972 petitioners' older daughter, who was not a minor at the time, bought a car and signed or co-signed with her boyfriend a note to Beneficial Finance Co. to finance the purchase of the car. The boyfriend took the car to Nevada and his first check to Beneficial was returned for insufficient funds.The older daughter assigned her interest in the car to petitioners' minor daughter. Petitioner settled the obligation to Beneficial by paying Beneficial $549 in 1972. Subsequently, the car was recovered and was used by petitioners' minor daughter. On their 1972 tax return petitioners claimed a bad debt deduction of $549 for the amount paid to Beneficial. Respondent disallowed the deduction in full. OPINION The first issue is whether petitioners are entitled to exclude from their gross income amounts *166 withheld from their salaries as their contributions to their respective retirement funds. Both petitioners were required, as a condition of their employment, to participate in and contribute to the retirement systems of their respective employers. Both retirement systems were established by the laws of the State of California for public employees. Both petitioners were entitled to death benefits or retirement benefits on retirement or a refund of their contributions with interest upon termination of their employment for reasons other than death or retirement. This issue was decided against petitioners by this Court in Eugene G. Feistman,63 T.C. 129 (1974), which is pending on appeal in the Ninth Circuit. [1] That case involved petitioners' taxable years 1968-1971, with the issue of excludability of the contributions being involved for the years 1970 and 1971 only. [3] *168 Finding that the California retirement systems involved are comparable in all significant respects to the civil service retirement system applicable to Federal employees, we followed Cecil W. Taylor,2 T.C. 267 (1943), affd. sub nom. Miller v. Commissioner,144 F. 2d 287 (4th Cir. 1944), and and Isaiah Megibow,21 T.C. 197 (1953), *167 affd. 218 F. 2d 687 (3rd Cir. 1955), in holding that the withheld contributions were not excludable from petitioners' income. The excludability of withheld employee contributions to the Federal civil service fund was in issue in those cases. Subsequent to our opinion in 63 T.C. 129, this Court again held in Lawrence J. Cohen,63 T.C. 267 (1974), on appeal (9th Cir. Feb. 25, 1975), and it was held in Hogan v. United States,367 F. Supp. 1022 (E.D. Mich. 1973), affd. 513 F. 2d 170 (6th Cir. 1975), cert. denied U.S. (Oct. 6, 1975), that compulsory contributions withheld for the salaries of Federal civil service employees are not excludable from gross income for Federal tax purposes. While all of the cases cited above, except the Feistman case, were concerned with contributions under the Federal civil service system, and we are concerned here with contributions to retirement systems for public employees established by State law, we again find no differences in the significant provisions of the State and Federal plans that would produce a different result for Federal tax purposes, and petitioners have pointed to none. The principles which dictate the result when applied to the civil service system dictate the same conclusion when applied to the provisions of the retirement systems involved herein. Consequently, we again conclude that petitioners are not entitled to exclude from their gross income the amounts withheld from their salaries as their contributions to their respective retirement systems. Petitioners state that despite our conclusion against them on this issue in 63 T.C. 129, we should consider additional arguments being made in this case that were not made in the prior case. We discern no difference in the facts or the pertinent law in the different years involved, but since respondent *169 neither pleaded nor argues collateral estoppel we have given consideration to petitioners' so-called additional arguments. We find no merit in any of them. See Cecil W. Taylor,supra, and the cases cited therein. Very briefly, petitioners' arguments on brief are as follows: 1. The amounts of the contributions withheld are not income to a cash basis taxpayer because they were never received by petitioners. This argument was considered and rejected by the courts in Miller v. Commissioner,144 F. 2d 287 (4th Cir. 1944), and Hogan v. United States,supra.Petitioners' salaries were fixed by statute and the amounts withheld were a part of their compensation. The contributions were withheld as a condition of their employment. The situation is the same as though petitioners received their entire salaries and then made the contributions to the retirement systems.
2. Petitioners' contributions are compulsory under the law and are the employers' contributions rather than the employees' contributions; hence, no taxable event occurs with respect to those amounts until petitioners receive them through refund or retirement benefits. This argument was considered and rejected in Hogan v. United States,supra; *170 Miller v. Commissioner,supra;Lawrence J. Cohen,supra; and Isaiah Megibow,supra.The contributions were a part of petitioners' compensation, [4] and they received interests in the retirement systems at the time the contributions were made at least equal in value to the amounts of their contributions. 3. Since, under present law, private employees are not required to report employers' contributions to pension plans when made or deferred compensation when earned, there would be an inequality in the law if public employees are required to include these amounts in income. This argument was considered and rejected in Hogan v. United States,supra.There are many distinctions between pension plans for employees in the private sector and those for government employees which warrant separate classifications. Relief for public employees, *171 if any is due, must come through legislation. The second issue is whether petitioners may deduct tips given in restaurants when purchasing meals for themselves. Petitioners argue that inasmuch as the recipients of the tips are required to include the tips in their income they should be allowed to deduct them to avoid double taxation of the same income. The simple answer is that deductions are a matter of legislative grace, and the fact that petitioners gave something to waiters and waitresses which is taxable income to them does not provide a deduction for petitioners. The only evidence we have on this issue indicates the meals in conjunction with which the tips were given were nonbusiness, personal meals. They qualify as personal, living, or family expenses, nondeductible under section 262, I.R.C. 1954. The third issue is whether petitioners are entitled to a deduction for a bad debt in 1972 for an amount paid to a finance company on an obligation of their daughter. Petitioners' argument is that their older daughter assigned her interest in the financed car to her younger sister, who was a minor, that the assignment carried with it the obligation to the finance company, and since *172 petitioners' minor daughter became obligated for the debt, petitioners also became obligated and suffered a deductible loss when they paid the obligation to the finance company. Not only is petitioners' evidence on this issue unclear and confusing, but their argument is also confusing. They point to no provision in section 166 of the Code which would allow them a deduction for the amount they paid to the finance company, apparently voluntarily. Eugene testified that title to the financed car was in his older daughter's name and that she signed or co-signed a note to the finance company with the car as security. There is no evidence of any assignment of the car or the obligation other than Eugene's uncorroborated statement that the older daughter assigned the car to the younger daughter, and there is no reference to any law that would make petitioners the possessor of any debt that became worthless in 1972. Petitioners apparently paid the obligation to the finance company to clear the title to the car for one daughter or the other.The car was recovered and was used by one of the daughters. Eugene testified that he did not expect to recover the amount he paid from his daughters. *173 Section 166(a)(1) of the Code provides that there shall be allowed as a deduction any debt which becomes worthless within the taxable year. Section 1.166-1(c), Income Tax Regs., defines a bona fide debt as-- a debt which arises from a debtor-creditor relationship based on a valid and enforceable obligation to pay a fixed or determinable sum of money. A gift * * * shall not be considered a debt for purposes of section 166. * * * There was no debtor-creditor relationship between petitioners and their daughters. Petitioners simply made a gift to one of their daughters, which does not support a deduction for a bad debt. We hold for respondent on this issue. Because of concessions by the parties, Decisions will be entered under Rule 155. Footnotes
1. In the notice of deficiency for 1973, respondent determined an addition to tax under sec. 6653, I.R.C. 1954↩, in the amount of $64. This adjustment is not mentioned by either party in the pleadings, on brief or at the trial. Consequently, we do not deal with it herein.
1. Petitioners' appeal was filed late and this Court denied petitioners' motion for a waiver of the "Statute of Limitations" on appeal. In April of 1976, the Ninth Circuit entered an order treating petitioners' notice of appeal as a motion and denied the motion. However, this Court received no mandate nor the file from the Ninth Circuit, and the status of that case is somewhat uncertain. ↩
3. Petitioners were also before this Court in T.C. Memo. 1971-137, affirmed by order of the Ninth Circuit, involving their taxable year 1967, but this issue was not involved in that case.
4. Compare, however, Pennie v. Reis,132 U.S. 464 (1889) which involved a different California public employee's life and health insurance fund and was not a tax case. See discussion in Cecil W. Taylor,2 T.C. 267 (1943), affd. sub nom. Miller v. Commissioner,144 F. 2d 287 (4th Cir. 1944), But see Kern v. City of Long Beach,179 P. 2d 799↩ (Cal.S. Ct. 1947).