WILLIAM H., JR. and CLARA R. EDMISTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edmister v. Commissioner
Docket No. 9516-75.
United States Tax Court
T.C. Memo 1977-208; 1977 Tax Ct. Memo LEXIS 234; 36 T.C.M. (CCH) 874; T.C.M. (RIA) 770208; July 6, 1977, Filed Robert M. Tyle, for the petitioners. Louis J. Zeller, Jr., for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION
SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1973 in the amount of $63.54. One of the issues raised by the pleadings has been disposed of by the parties, leaving for our decision only whether petitioners are entitled to a deduction for state and local sales taxes in addition to the amount allowed by respondent.
FINDINGS OF FACT
Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Painted Post, New York at the time they filed their petition in this case filed their joint Federal income tax return for the calendar year 1973 with the North Atlantic Service *235 Center, Andover, Massachusetts. Petitioners had acquired a house in Painted Post in 1963 and were living in that house on June 23, 1972, when a flood occurred in the area of Painted Post in which petitioners' home was located. The flood moved petitioners' house approximately 18 feet off its foundation. Water covered all of the first floor of the two-story house and there was about a half-inch of water on the second floor. Some of the walls were washed in and a number of windows were broken. Some of the furniture in petitioners' home was destroyed and other furniture was damaged. Also, most of petitioners' clothing and that of their children was damaged or destroyed. After the flood, the family moved into a trailer and commenced repair work on the house. The house was not sufficiently repaired for them to move back into until August 1973, at which time they did move back into the house. Petitioners, on their 1972 Federal income tax return, claimed a casualty loss with respect to the damage by the flood to their house and personal property of $33,000 and no portion of the casualty loss has been disallowed. During 1973 petitioners purchased some building material for repair *236 work on their house. On their Federal income tax return for the year 1973, petitioners itemized their deductions and in their deductions for taxes claimed a deduction for state and local general sales tax of $446.75, based on sales tax tables published by the Internal Revenue Service. In addition, they claimed a deduction for taxes of $247.06 which they described as sales tax on major purchases. Petitioners kept receipts of items which they considered to relate to replacement of items they lost in the flood or repairs to their home from damage done by the flood. Included in the items for which petitioners kept receipts were watches, shrubs, fertilizer and seeds, a projector and screen, carpet, carpet shampoo and machine rental, department store and discount store receipts which do not indicate the items purchased, purchases from a ski center, purchase of a refrigerator and a record player, and purchases such as clothing, bed spreads, toaster, mattresses, towels, and a coat. The sales tax shown on purchases on the sales receipts retained by petitioners totaled $270.27. Respondent, in his notice of deficiency, disallowed the $247.06 claimed by petitioners as sales tax on major *237 items with the following explanation: Since your sales tax deduction was determined from the state sales tax table, you cannot deduct additional amounts claimed for sales tax paid on specific items. OPINION Section 164, I.R.C. 1954, [1] provides for the deduction of various taxes, including state and local general sales tax. Respondent publishes and includes in the instructions for preparation of tax returns "Optional State Sales Tax Tables." These tables carry an explanation that taxpayers who itemize deductions can use these tables to determine the general sales tax deduction taken on their return. The further explanation is made that if a taxpayer's records show that he paid more than the amount shown in the tables he can deduct the larger amount. In addition, the tables explain that tax paid on the purchase of an automobile may be deducted in addition to the amount shown in the tables and also, in addition to the amount shown in the tax tables, taxes paid on boats, airplanes, mobile homes and, if the taxpayer is his own contractor, materials to build a new home may be deducted. *238 Petitioners' argument is generally to the effect that it is illogical for respondent to permit deductions in addition to the deductions computed in the sales tax tables on the major items on which additional deductions for sales tax are permitted, but not to permit this deduction for the unusual expense a person encounters when a flood destroys most of his property. Petitioners recognize that the receipts which they had are all for individual small purchases and that the total tax shown on these receipts is less than they deducted in computing the sales tax deductions from the optional tax tables. Their primary argument is that even though the additional tax which they seek to deduct is composed of numerous small purchases, the total of such small purchases is a major purchase since all of these purchases, in their opinion, were necessitated because of their property being destroyed by a flood. Petitioners make no contention that the total sales tax they actually paid in 1973 exceeded the $446.75 which they claimed as a deduction based on the optional tax tables and which respondent has allowed. They apparently do not view the sales tax deductions as in any way being related *239 to the actual amount of sales tax they paid, but rather take the position that they are entitled as a matter of right to the deduction of sales tax computed from the optional tax tables and then, in addition, are entitled to the amount shown on purchases which in their opinion were necessitated because of items lost in the preceding year in the flood. Clearly, the deduction allowed by section 164 for general sales tax is, as the statute says, for taxes "paid" within the taxable year. Petitioners have totally failed to show that they paid more than $446.75 of sales taxes in 1973. In fact, the only amount of actual payment of sales taxes that has been shown is the $270.27 shown on the various receipts they introduced into evidence. The fact that respondent, as a matter of administrative convenience, permits deductions in accordance with the tax tables and in addition permits deductions with respect to tax on certain specific items, does not relieve a taxpayer who has not made a purchase of such a specific item from showing that the amount of the deduction he is allowed by the tax tables is less than the sales tax he actually paid if he is to be entitled to a deduction in excess of *240 the amount shown in the tax tables. A taxpayer is entitled only to those deductions specifically allowed by statute and other deductions cannot be allowed to a taxpayer on general equitable principles. New Colonial Ice Co. v. Commissioner,292 U.S. 435 (1934); Deputy v. duPont,308 U.S. 488 (1940). Since petitioners have failed to show that they actually paid sales taxes in 1973 in excess of the $446.75 which they claimed on the basis of the optional tax tables and which respondent did not disallow, we hold that petitioners are not entitled to deduct sales taxes in excess of this $446.75. Because of a concession by respondent with respect to another issue raised in the case, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Sec. 164.TAXES (a) General Rule. -- Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued: * * *
(4) State and local general sales taxes.↩