EUGENE G. FEISTMAN and LORRAINE B. FEISTMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Feistman v. Commissioner
Docket No. 715-79.
United States Tax Court
T.C. Memo 1981-105; 1981 Tax Ct. Memo LEXIS 640; 41 T.C.M. (CCH) 1057; T.C.M. (RIA) 81105; March 5, 1981. Eugene G. Feistman, pro se. Irene Scott Carroll, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioners' Federal income tax for the taxable years 1974 and 1975 in the amounts of $ 2,443.76 and $ 3,713.39, respectively. Concessions having been made, the issues remaining for decision are: (1) whether monies withheld from petitioners' salaries during 1974 and *642 1975 which were paid to retirement plans are income to them in the years earned; (2) whether petitioners were engaged in the stamp, coin and accessory business during the years in issue; (3) whether petitioners provided over one-half the support for their son Charles in 1974, and their daughter Charleene in 1975; (4) whether petitioners are entitled to deduct certain state sales taxes, for 1974 and 1975, in excess of amounts allowed by respondent; (5) whether petitioners can deduct tips paid to waiters and waitresses at restaurants when purchasing meals for themselves; (6) whether petitioners have substantiated certain items conceded by respondent to be deductible if substantiated; and (7) whether certain work-related expenses claimed by petitioners in 1974 and 1975 are deductible if substantiated. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners are husband and wife who resided in Sepulveda, California, at the time the petition herein was filed. They filed their joint Federal income tax returns for 1974 and 1975 with the appropriate office of the Internal Revenue Service. During the years at issue petitioner Eugene G. Feistman was employed *643 as a probation officer by the County of Los Angeles, California, and Lorraine B. Feistman was employed as a teacher by the Los Angeles Unified School District. As a condition of their employment both petitioners were required to and did participate in the retirement systems of their respective employers. Petitioners excluded the amount of their retirement contributions in computing their income from wages for the years in issue. Eugene G. Feistman has been engaged in stamp and coin collecting for personal pleasure since prior to 1950. In 1974 he began selling stamps, coins and accessories under the business name "Feistman Stamps, Coins and Accessories." Petitioner's beginning inventory was comprised of all duplicate stamps and coins taken from his personal collections. His "Business Tax Registration Certificate" for the City of Los Angeles was dated June 18, 1976. In 1978 petitioner, as a merchant, received authorization from the United States Post Office, Philatelic Sales Division, to acquire additional "first day covers" directly from Washington. He kept a journal of income and expenses for his stamp and coin business activity for 1974 and 1975. Petitioner claimed business *644 losses for both 1974 and 1975 in the amounts of $ 2,449.16 and $ 5,849.04, respectively. His gross receipts for those years amounted to $ 419.21 and $ 964.24, respectively. Petitioners' son, Charles Feistman, was in the military from January 1, 1974 until September 2, 1974. For the remainder of the year, approximately four months, he lived with his parents. Petitioners claimed a dependency exemption for Charles Feistman in 1974. Petitioners also claimed a dependency exemption for their daughter, Charleene Feistman, in 1975. At trial Eugene G. Feistman testified that Charleene Feistman was in school during 1975, but that no records exist because the school is no longer in existence. For the years in issue, petitioners made it a practice to go out for dinner three to four times per week for their personal pleasure. Additionally, in 1975 petitioners paid the expenses of a wedding. In 1975 petitioners elected to deduct state and local sales taxes per the respondent's sales tax tables. On their returns for 1974 and 1975 they separately deducted the sales taxes related to restaurant meals and the 1975 wedding. They also deducted tips paid to waiters and waitresses at restaurants *645 during 1974 and 1975. During the years in issue petitioners also deducted from their income certain other items, including utility taxes, charitable contributions, telephone charges, claimed interest expenses, the cost of certain magazines, gasoline taxes, medical expenses, theft losses, union dues, petitioner wife's teaching expenses, professional association expenses, expenses incurred by petitioner husband in running for local union office in 1974, business clothing, payment of back Federal income taxes in 1974, and miscellaneous membership fees, part or all of which are in dispute in the instant litigation. Finally, during the years in issue petitioner husband was a member of the Justice Lodge, a suborganization of the B'nai B'rith. The Justice Lodge was comprised of Jewish court personnel. Its purposes were to promote legislation. Petitioner husband was a delegate representing the Justice Lodge to the B'nai B'rith at the latter's annual conferences. Petitioners deducted the cost of Eugene G. Feistman's dues, travel, and other expenses associated with his membership in the Justice Lodge. In 1974 petitioners reported these costs as "professional expenses," and in 1975 *646 they reported Justice Lodge items as "charitable contributions." In his notices of deficiency respondent has disallowed the above deductions either in full or in part on the basis that the petitioners have not adequately proved their entitlement to them. OPINION Petitioners consider it the primary purpose of the instant litigation to again raise the issue of exclusion from their income of mandatory contributions to each of their respective retirement funds in 1974 and 1975. They have litigated this same question upon identical facts in prior years before this Court. Feistman v. Commissioner,63 T.C. 129 (1974), appeal dismissed 587 F. 2d 941 (9th Cir. 1978). [1] In each case we have held that petitioners are not entitled to their claimed exclusions. There being no difference in the law or relevant facts between the instant case and earlier ones, we hold that the petitioners are not entitled to exclude retirement fund contributions from their income. Feistman v. Commissioner,supra.
*647 The second issue is whether petitioners were engaged in the business of buying and selling stamps, coins, and accessories for profit during the years in issue. Respondent argues that petitioners' activities constituted a mere hobby engaged in primarily for personal pleasure and thus the related expenses are not deductible under section 183. [2] Petitioners, however, insist that purchasing and selling stamps and coins was primarily a profit-making activity so that their related expenses are deductible in full pursuant to section 162. Section 183 provides that where an activity is "not engaged in for profit," an otherwise allowable deduction attributable thereto shall not be allowed in excess of the gross income derived from said activity. Sec. 183(a), (b). An activity "not engaged in for profit" is defined as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." (Sec. 183(c).) [3]
*648 The test for determining whether an activity is engaged in for profit is whether, based on all of the surrounding facts and circumstances, "the individual's primary purpose and intention" for pursuing the undertaking was to make a profit. Hirsch v. Commissioner,315 F. 2d 731 (9th Cir. 1963); Golanty v. Commissioner,72 T.C. 411, 425 (1979), on appeal (9th Cir., Aug. 31, 1979); Churchman v. Commissioner,68 T.C. 696, 701 (1977). [4] The taxpayer's expectation of profit need not be reasonable so long as he establishes that it is bona fide, Churchman v. Commissioner,supra. The burden of proof here rests on the petitioners. Rule 142, Tax Court Rules of Practice and Procedure; Golanty v. Commissioner,supra.
Section 1,183-2(b), Income Tax Regs., provides some of the relevant factors to be considered in making a determination of the petitioners' profit motive. Primary emphasis will be placed on objective facts rather than petitioner husband's mere statement of his intent. Churchman v. Commissioner,supra. *649 After a review of all the facts we believe that petitioners did not have a bona fide intention to make a profit from dealings in stamps and coins during 1974 and 1975. Petitioners allege that they began their stamp and coin business in 1974. Petitioner husband, however, had been an avid collector for pleasure for at least 25 years prior to that time. He testified that he still enjoyed collecting "very much." The only stamps and coins placed in their beginning inventory were duplicates from his personal collections. From all indications petitioners were unwilling to part with items of which they did not own duplicates. Petitioner husband admitted that he and his wife had never shown a profit from stamp and coin activities, but suggested that that is no reason to "take the business out of a hobby." He admitted to very poor recordkeeping. Moreover, although there is no evidence to suggest how much time petitioners expended on their stamp and coin activities, both of them were employed full time during 1974 and 1975 by local governments. Almost all of petitioners' documentary evidence entered to support their contentions (Business Tax Registration Certificate and authorization *650 from the U.S. Post Office, Philatelic Sales Division) were issued after the years now before us. Only at the time of trial were petitioners in the process of obtaining an office or store out of which to conduct their activity. Presumably, this was related to petitioner husband's recent retirement as a probation officer. Therefore, on the basis of all the facts presented, we hold that petitioners' activity was merely a hobby during the years in issue. Because of this holding, we need not decide the difficult question of at precisely what point that hobby may have become a bona fide profit motivated business activity. The third issue is whether petitioners provided over one-half the support for their son Charles in 1974, and their daughter Charleene in 1975, so that they are entitled to the respective dependency exemptions. Secs. 151(e); 152(a). Again, the burden of proof is situate with petitioners. Rule 142(a), Tax Court Rules of Practice and Procedure. The only evidence provided with respect to petitioner's son is that he served in the military for eight months in 1974 and lived at petitioners' home for only four months. The reasonable inference, absent additional information, *651 is that petitioners provided only one-third of their son Charles' support in 1974. Thus, as to Charles, petitioners have failed to sustain their burden. As for petitioners' daughter, the only evidence presented as to support is testimony that she was a student. Assuming that to be true, there is still no evidence tending to show that petitioners provided any of her financial support during 1975. Consequently, petitioners have again failed to meet their burden. The fourth issue for decision is whether petitioners are entitled to deduct sales taxes for 1974 and 1975 in excess of amounts allowed by respondent. Again, petitioners have the burden to prove respondent's determination erroneous. Welch v. Helvering,290 U.S. 111 (1933). Petitioners' evidence related to this issue is comprised of several canceled checks representing amounts paid for a wedding in 1975. No sales tax information was provided on these checks, therefore we find them of little or no relevance to this issue. As a consequence of petitioners' failure to meet their burden, respondent's determination must prevail. The fifth issue is whether petitioners may deduct tips paid to waiters and *652 waitresses at restaurants. Petitioners argue that because recipients of tips must include these amounts in their gross income petitioners should be allowed to deduct them. They assert that for respondent to disallow their deduction is to engage in double taxation. The petitioners herein have previously litigated this issue before the Tax Court. Feistman v. Commissioner,T.C. Memo. 1976-240, affd. per order (9th Cir., Jan. 7, 1980), cert. denied     U.S.     (Oct. 6, 1980). We adhere to our reasoning in that case, wherein we stated: The simple answer is that deductions are a matter of legislative grace, and the fact that petitioners gave something to waiters and waitresses which is taxable income to them does not provide a deduction for petitioners. * * * [The tips] qualify as personal, living, or family expenses, nondeductible under section 262, I.R.C. 1954. The final issues concern whether petitioners have substantiated certain deductions claimed on their 1974 and 1975 income tax returns. These include: interest payments; charitable contributions; gasoline taxes; medical expenses; a theft loss; teaching equipment for petitioner wife; union dues; *653 professional association expenses; costs of running for local union elections incurred by petitioner husband; payment of back Federal income taxes; miscellaneous membership fees; the costs of magazines; expenses incurred by petitioner husband at Justice Lodge conventions; uniform expenses; and telephone costs. Respondent asserts that petitioners have not substantiated any of the above items either in full or in part. Further, respondent maintains that some of them are not deductible even if substantiated. Petitioners have made little or no effort to substantiate these claimed deductions which respondent disputes. Accordingly, they have not met their burden to prove respondent's determination with respect to them erroneous. Welch v. Helvering,290 U.S. 111 (1933). Because respondent must prevail on the substantiation issue, we need not decide which items would be deductible if substantiated. Because of concessions, Decision will be entered Rule 155.
Footnotes
1. Feistman v. Commissioner,T.C. Memo. 1976-240, affd. per order (9th Cir. Jan. 7, 1980), cert. denied     U.S.     (Oct. 6, 1980); Feistman v. Commissioner,T.C. Memo. 1971-137↩, affd. per order (9th Cir., April 10, 1973).
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
3. Sec. 183 provides a presumption and an election which can affect the determination of whether an activity is engaged in for profit. Sec. 183(d), (e). These subsections are not, however, applicable in the instant litigation.↩
4. See also Pickren v. Commissioner,T.C. Memo. 1981-52↩.